IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OCIE HOSKINS                                                                                          PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 3:12cv458-FKB

CHRISTOPHER B. EPPS, et al.                                                                DEFENDANTS

OMNIBUS ORDER

Plaintiff, a state prisoner, brought this action pursuant to § 1983 alleging that prison officials failed to protect him from an assault by other inmates.  The Court held a *Spears*[1] hearing on December 19, 2012, and the parties have consented to jurisdiction by the undersigned.

Plaintiff alleges that he was assaulted on December 5, 2011, at Central Mississippi Correctional Facility by two inmates he had previously "red tagged."  At the time, Plaintiff had been housed in an open-bay unit with the two inmates for approximately one week.

In order to succeed on a failure-to-protect claim, an inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm.  *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  At the hearing, Plaintiff testified that the only defendant who knew *prior to the assault* that Plaintiff was being housed with inmates whom he had red-tagged was Shelia Parker.  Thus, he cannot show deliberate indifference on the part of the remaining defendants.  For this reason, Defendants Christopher B. Epps, James Holman, Unknown West, and Unknown Scott are hereby dismissed.

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

This cause is set for a bench trial before the undersigned on May 28, 2013 at 1:30 p.m.

Upon motion of Plaintiff, the Court will secure the presence at trial of up to three incarcerated witnesses if the Court concludes that their testimony is relevant. Plaintiff shall include in any such motion the prisoner identification number and correctional facility in which the witness is housed and shall state in detail the nature of the proposed testimony and how it is relevant to the factual issues of Plaintiff's claim. Such motions shall be filed no later than thirty days prior to trial.

Should any of Plaintiff's witnesses be or become "free world," Plaintiff shall be responsible for securing their voluntary presence at the trial. Should a "free world" witness refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence. No later than thirty days prior to trial, Plaintiff shall file a motion with the Court requesting a subpoena to be issued for the witness. The request shall include the name and address of the witness, and shall be accompanied by the witness fee and expense payment required by Rule 45 of the Federal Rules of Civil Procedure.

No discovery shall be conducted without leave of court.

Any dispositive motions shall be filed by March 29, 2013.

SO ORDERED this the 10th day of January, 2013.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE