IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OCIE HOSKINS                                                                                          PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 3:12cv458-FKB

CHRISTOPHER B. EPPS, et al.                                                               DEFENDANTS

## OPINION AND ORDER

Ocie Hoskins, a state prisoner, brought this action pursuant to § 1983 alleging that prison officials failed to protect him from an assault by other inmates. All defendants other than Sheila Parks have been previously dismissed. Presently before the Court is Parks's motion for summary judgment. Plaintiff has not responded to the motion. Having considered the motion, the Court concludes that the motion should be granted.

Plaintiff alleges that he was assaulted on December 5, 2011, at Central Mississippi Correctional Facility by two inmates he had previously "red tagged." At the time, Plaintiff had been housed in an open-bay unit with the two inmates for approximately one week. Plaintiff claims that Parks, a prison officer, was aware prior to the attack that Plaintiff was being housed with the inmates. Plaintiff claims that the attack resulted in a dislocated bone in his foot.

In support of her motion, Parks has submitted a copy of Plaintiff's complete institutional file and medical record. His prison file contains no record of any attack on December 5, 2011. Rather, it shows that on December 21, 2011, Plaintiff complained to his case manager that he was in fear of unnamed offenders and, as a result, Plaintiff was moved to a maximum security lock down cell for his protection. Nowhere is there any indication of an actual altercation with other inmates. Furthermore, Plaintiff's medical

records show no treatment for any alleged assault on December 5, 2011.

To defeat a summary judgment motion, a plaintiff must rely on specific evidence in the record and articulate the precise manner in which that evidence supports his claims. *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir. 1996). He may not rely on merely conclusory allegations or unsubstantiated assertions. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Because Plaintiff has not identified any objective evidence that would support his claim, Parks's motion will be granted.[1]

Accordingly, Parks's motion is granted. This action will be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate judgment will be entered.

SO ORDERED this the 10th day of March, 2014.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE

---

[1] Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to his case. That statute gives a court the authority to dismiss at any time a complaint "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 25, 32 (1992). This is clearly such a case.

This is not the first time Hoskins has alleged that Parks failed to protect him from assault by other inmates. In *Ocie Hoskins v. Christopher Epps, et al.*, civil action no. 3:12cv13-LRA, he claimed that he had been attacked on November 27, 2011, and again on January 23, 2012, after having informed Parks of threats made to him. This court granted summary judgment for the defendants, finding that Hoskins had failed to offer any objective evidence of the attacks or his claimed injuries. *Hoskins v. Epps*, No. 3:12cv13-LRA (S.D. Miss. September 5, 2013).